IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE J. RAMIREZ,  §<br>  #19035089, §<br>         PETITIONER, §<br> §<br>v. § CIVIL CASE NO. 3:20-CV-1671-L-BK<br> §<br>DSO, ET AL., §<br>         RESPONDENTS. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Jose J. Ramirez's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[1]

## I.   BACKGROUND

Ramirez, a state pretrial detainee confined in the Dallas County Jail, challenges a criminal charge pending against him. Doc. 7 (*Amended Petition*). He is presently awaiting trial on a grand jury indictment charging him with assault on a family or household member with prior conviction. *State v. Ramirez*, No. F1971120 (291st Jud. Dist. Court, Dallas Cty.); Doc. 7 at 3.[2] Ramirez requests that the criminal charge be dismissed and that he be released from

---

[1] Although Ramirez did not submit a motion to proceed in forma pauperis or pay the filing fee, it is more efficient to dismiss the *Amended Petition* than to require compliance with this Court's filing requirements. *See* Doc. 5 (*Electronic Notice of Deficiency and Order*).
[2] The state court docket sheet is available at http://courtecom.dallascounty.org/publicaccess/ (last accessed July 22, 2020).

confinement because of constitutional violations stemming from his allegedly unlawful arrest, unreasonable detention, and "fake police report." Doc. 7 at 5, 7.[3] Online records confirm that Ramirez's June 29, 2020 *pro se* motions to dismiss the indictment, withdraw counsel, and reduce his criminal charge remain pending before the trial court.

Upon review, the Court finds that Ramirez has failed to exhaust available state court remedies. Therefore, his petition should be dismissed.[4]

## II. ANALYSIS

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[5]

In light of his *pro se* status, the Court liberally construes Ramirez's petition to request pretrial habeas relief under 28 U.S.C. § 2241(c), which applies to a person "'in custody

---

[3] Ramirez also seeks monetary relief for ostensible civil rights violations stemming from his unlawful arrest. Doc. 7 at 7. Those claims are not cognizable in this habeas corpus action. Courts have long recognized that habeas corpus actions are the proper vehicle to challenge only the fact or duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("A habeas petition . . . is the proper vehicle to seek release from custody.").

[4] On July 2, 2020, Ramirez filed an interlocutory notice of appeal from the June 25, 2020 notice of deficiency and order. The Court proceeds with screening even though the appeal remains pending. *See In re Lieb*, 915 F.2d 180, 183 (5th Cir.1990); *United States v. Green*, 882 F.2d 999, 1001 (5th Cir.1989) (notice of appeal from nonappealable order does not render void for lack of jurisdiction acts of trial court taken in the interval between filing of the notice and dismissal of the appeal).

[5] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules applicable to habeas petitions not covered by section 2254.

regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [him].'" *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).  A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *Montano v. Texas*, 867 F.3d 540, 542–43 (5th Cir. 2017) (citing *Dickerson*, 816 F.2d at 225). This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals.  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted); *Curtis v. Garza Cty. Jail*, No. 5:18-CV-205-M-BQ, 2019 WL 5698802, at *2 (N.D. Tex. Oct. 8, 2019), *adopting R. & R.*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019).  Exceptions exist only "where the available ... remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano*, 867 F.3d 542-43 (internal quotations and quoted case omitted).

     In the pre-conviction context, a detainee confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted.  *See* TEX. CODE CRIM. PROC. ANN. ART. 11.08 (West 2020).  If the trial court denies habeas relief under Article 11.08, the applicant can take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals.  *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)); *Curtis*, 2019 WL 5698802, at *2

     Ramirez concedes that he has not satisfied the exhaustion requirement.  A review of his *Amended Petition* confirms that he did not file a state habeas application raising his claims.  Doc. 7 at 2 and 7 (acknowledging no exhaustion and verifying only the filing of a step-one grievance

with the Dallas Sheriff's Office). Further, a search of online records reflects the filing of no Article 11.08 state habeas application or appeal.[6] Therefore, the Texas Court of Criminal Appeals has not had an opportunity to consider Ramirez's claims and, consequently, they remain unexhausted.

### III.  CONCLUSION

For the foregoing reasons, the habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**SO RECOMMENDED** on July 27, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[6] The Texas Court of Criminal Appeals and Texas Fifth District Court of Appeals docket sheets are available at https://www.txcourts.gov/cca/ and https://www.txcourts.gov/5thcoa/ (last accessed July 21, 2020).